UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 17-10236-B-13 |
| PAUL DAYTON LANGSTON and KATHLEEN LOUISE LANGSTON, | |
| Debtors. | |
| | Adv. Proceeding No. 17-1044-B |
| PAUL DAYTON LANGSTON and KATHLEEN LOUISE LANGSTON, | DCN: US-1 |
| Plaintiffs, | Date:  March 20, 2019<br>Time:  1:30 p.m. |
| v. | Place:  U.S. Courthouse<br>        2500 Tulare St.,<br>        Fresno, California, |
| INTERNAL REVENUE SERVICE, | Dept. B, Courtroom 13,<br>        5th Floor |
| Defendant. | Judge:  Hon. René Lastreto II |

**MEMORANDUM DECISION**

**INTRODUCTION**

Even the Internal Revenue Service ("IRS" or "Defendant") must obey the bankruptcy code's automatic stay. If the IRS willfully violates the stay, it is liable for an individual debtor's actual damages including costs and attorney's fees. The IRS, here, admittedly violated the automatic stay by offsetting

taxes owed pre-petition with the debtors' annuity payments to be received post-petition. Before filing an administrative claim for relief with the IRS, the debtors filed an adversary proceeding. After a trial on the severed issue of actual damages, this court ruled the debtors could not prove the actual damage claim.

The debtors' attorney's fees are a different story. Two provisions of the Internal Revenue Code (26 U.S.C. §§ 7430; 7433) and related regulations (26 C.F.R. 301.7430-1(a) and (e); 301.7433-2) require the debtors to exhaust administrative remedies before filing an adversary proceeding to recover their attorney's fees for the automatic stay violation. The necessary administrative claim must first be filed with the "Chief, Local Insolvency Unit, for the judicial district in which the bankruptcy petition" was filed. 26 C.F.R. 301.7433-2(e). But there is a problem: there is no "Chief, Local Insolvency Unit, for the judicial district." The IRS now concedes after nearly two years of litigation that after filing the adversary proceeding the debtors did properly file an administrative claim - they just needed to file it before the adversary proceeding was filed.

While the current application of this exhaustion requirement appears to be regulatory legerdemain, our circuit

requires exhaustion. The broad waiver under 11 U.S.C. § 106 must be tempered by the relevant provisions of the Internal Revenue code that require exhaustion of administrative remedies before the IRS can be found to have waived their sovereign immunity. For that reason and because the IRS now concedes the debtors here have satisfied the requirements, the court is constrained to dismiss the attorney's fees claim without prejudice for lack of subject matter jurisdiction.

**FACTS**

Paul Langston ("Paul") once worked for the Federal Government. While he worked there, Paul earned a defined benefit annuity payment which was administered by The Office of Personnel Management ("OPM") who distributed those payments to Paul. He also owed nearly $88,000.00 to the IRS.

Paul and his wife, Kathleen, (collectively "Langston," "Langstons," of "Plaintiffs") filed this Chapter 13 case in January 2017. About two weeks later, the IRS learned of the Langstons' bankruptcy case. In less than a week, the IRS filed a claim in the bankruptcy case. About two months after this case was filed, and while the automatic stay (11 U.S.C. § 362(a))[1] was

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

in effect, Paul received a letter from OPM telling him the IRS would be withholding $339.17 of his April 3, 2017 annuity payment "because [Paul] owe[s] the Government." The IRS withheld Paul's post-petition annuity payments for the months of April through July 2017.

After the failure of informal attempts by the Langstons' counsel to convince the IRS to return the payments, the Langstons filed this adversary proceeding on May 3, 2017. The Langstons did not pursue any administrative remedies until after this suit was filed. But, the IRS returned the April and May annuity payments within two weeks after the adversary proceeding was filed and the June and July payments shortly thereafter. The IRS released the OPM levy on June 23, 2017 and notified Langstons' counsel.

The IRS answered the complaint. Then, Langstons' counsel tried without success to find the right "Chief, Local Insolvency Unit" to receive an administrative claim. Many web searches and even formal discovery was met with no identified "Chief, Local Insolvency Unit." Exasperated, Langstons' counsel sent the administrative claim addressed to "Chief, Local Insolvency Unit" to every IRS office located within this district. The IRS admitted in discovery that to their knowledge no employee retains the title of "Chief Local Insolvency Unit" after the IRS

reorganized in 2010. The IRS instead referred debtors' counsel
to a listing of "Collection Advisory Groups." The IRS did
respond after receiving debtor's administrative claim noting
they were referring it to the "Local Insolvency Unit." But the
IRS did not name a "Chief" of that unit. And so, it goes.[2]

At the Pretrial Conference in this matter, the court and
the parties agreed the "actual damages" portion of the debtors'
claim should be tried first. It was. The court issued an oral
ruling finding the Plaintiffs did not meet their burden of proof
for being "actually" damaged.[3]

The IRS then filed this motion to dismiss the attorney's
fees claim for lack of subject matter jurisdiction under Civil
Rules 12(b)(1), (h)(3) and (i) (made applicable to bankruptcy
adversary proceedings by Rule 7012).[4] The IRS argues that this
court does not yet have subject matter jurisdiction to decide
the attorney's fees issue because the debtors filed this
adversary proceeding before filing an administrative claim with
the IRS. They reason that their waiver of sovereign immunity

[2] Counsel for the United States has repeatedly assured the court and debtors'
counsel that no action has been taken on the administrative claim because
this adversary proceeding is now pending.
[3] The Plaintiffs' only damage claim was for alleged interest which had accrued
on a Domestic Support Obligation Paul owed. The court did not find
Plaintiffs' proof on the issue adequate to meet their burden of proof.
[4] Plaintiffs filed a motion for summary judgment/summary adjudication which
the court has continued since this jurisdictional issue must be decided
first.

- 5-

under § 106(a)(1) for attorney's fees claims stemming from automatic stay violations is conditioned upon a debtor's compliance with 26 U.S.C. §§ 7430 and 7433 and the applicable regulations before filing suit. Counsel for the United States noted in oral argument that the Plaintiffs have now complied with the exhaustion requirement because they filed the administrative claim, albeit at the wrong time and that more than six months have passed with no action by the IRS. 26 C.F.R 301–7433–2(d)(ii).[5]

Plaintiffs argue that complying with the administrative remedy in this case is impossible because there is indisputably no "Chief, Local Insolvency Unit" identified to accept the claim even if it was filed before the adversary proceeding. Since the law does not require pursuit of an administrative remedy that is impossible to achieve, Plaintiffs argue, even if they dismissed the suit and filed another administrative claim they could not comply.[6]

In reply the IRS argues the Plaintiffs have successfully submitted an administrative claim. So, they contend, the lack of

---

[5] Plaintiffs' counsel is understandably dubious given the issues in this case. At oral argument, Plaintiffs' counsel analogized the IRS' application of the regulations here to Lucy Van Pelt's penchant for moving the football as Charlie Brown was about to kick it in Charles M. Schulz' beloved "Peanuts" comic strip. The court notes that Lucy, after all, also dispensed psychiatric advice for a nickel.

[6] Of course, now, counsel for the United States has stated the debtors have complied.

an individual who is the "Chief, Local Insolvency Unit" does not mitigate the conditional waiver of sovereign immunity for attorney's fees claims for automatic stay violations: first exhaust administrative remedies before filing this adversary proceeding.

## JURISDICTION

The United States District Court for the Eastern District of California has jurisdiction of this bankruptcy case and adversary proceeding under 28 U.S.C. § 1334(b) as this is a proceeding arising under Title 11 of the United States Code and arising in a case under Title 11. The District Court has referred this case to this court under 28 U.S.C. § 157(a). This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (C) and (O). If the proceeding is not deemed "core" the parties have agreed to have this court enter a final judgment in the matter. Jurisdiction to determine issues arising about the application of the automatic stay to the IRS is also conferred by § 106(a)(2).

## DECISIONAL STANDARDS

The existence of sovereign immunity is a question of law. Arizona v. Bliemeister (In re Bliemeister), 296 F.3d 858, 861 (9th Cir. 2002); Montana v. Goldin (In re Pegasus Gold Corp.),

394 F.3d 1189, 1193 (9th Cir. 2005). So too are questions whether a plaintiff has exhausted administrative remedies, <u>Williams v. Paramo</u>, 775 F.3d 1182, 1191 (9th Cir. 2014) or whether a plaintiff must, <u>Chang v. United States</u>, 327 F.3d 911, 919 (9th Cir. 2003).

A federal court is compelled to dismiss an action if at any time it determines it lacks subject matter jurisdiction. Civil Rule 12(h)(3).

**ANALYSIS**

The IRS asks the court to dismiss this adversary proceeding because this court lacks jurisdiction over the Langstons' claim for attorney's fees. Doc. #57. The IRS asserts that this court does not have subject matter jurisdiction because the IRS has not waived its sovereign immunity; that exhaustion of administrative remedies is a prerequisite for waiver of sovereign immunity and the Langstons have not exhausted the requisite administrative remedies. <u>Id.</u>

The Langstons, on the other hand, argue that they did in fact exhaust all available administrative remedies "in that the only remedy outlined in federal regulations is actually impossible to comply with, and cannot be 'available' to Plaintiff." Doc. #102. They cite Ninth Circuit case law holding

- 8-

that § 106 "plainly waives sovereign immunity for court-ordered monetary damages under the waiver's enumerated provisions . . ." (Hunsaker v. United States, 902 F.3d 963, 968 (9th Cir. 2018)) and that "one need not exhaust administrative remedies that would be futile or impossible to exhaust." Singh v. Ashcroft, 362 F.3d 1164, 1169 (9th Cir. 2004) (citing Taniguchi v. Schultz, 303 F.3d 950, 957 (9th Cir. 2002) (plaintiffs need not exhaust administrative remedies when doing so would be futile (citing Aleknagik Natives Ltd. V. Andrus, 648 F.2d 496, 499 (9th Cir. 1981)).

The IRS maintains, though: first, "all that is required to satisfy the plain language of the regulation is that a writing be sent to 'Chief, Local Insolvency Unit'," the actual existence of an individual with that title being immaterial for compliance, and; second, Plaintiffs' reliance on Hunsaker is misplaced because Hunsaker does not address a situation where the only issue remaining is Plaintiffs' claim for attorney's fees nor does it specifically address waivers of sovereign immunity for claims for attorney's fees in tax cases. Doc. #112. Granting this motion and dismissing the case would not prejudice Plaintiffs, the IRS contends, because "Plaintiffs could immediately re-engage the administrative process with the IRS or bring a procedurally sound suit with the Court." Id.

This court must first find if it has subject matter jurisdiction over this action. To do so, the court must find whether Defendant has waived sovereign immunity. If the Defendant has not, then the motion must be granted, and the action dismissed for lack of subject matter jurisdiction pursuant to Civil Rule 12(b)(1).

If the court finds that Defendant has waived sovereign immunity, the court must then determine whether exhaustion of administrative remedies is a jurisdictional pre-requisite. If the court finds administrative remedy exhaustion is a jurisdictional pre-requisite, then the court must determine if Plaintiffs have exhausted the required administrative remedies. If Plaintiffs have not, the motion must be granted, and the action dismissed for lack of subject matter jurisdiction. If not a jurisdictional pre-requisite, then the motion may be granted for failure of the Langstons to state a claim for which relief can be granted under Civil Rule 12(c) or 12(i). But, in that case, the Langston's may be given leave to amend.

**I.   Has the United States waived sovereign immunity?**

Under Civil Rule 12(b)(1), a court must dismiss a case if it lacks subject matter jurisdiction. A federal court is presumed to lack subject matter jurisdiction until the party asserting it establishes otherwise. Kokkonen v. Guardian Life

Ins. Co. of Am., 511 U.S. 375, 377 (1994). The "United States, as sovereign, 'is immune from suit . . .'" unless it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990) (citations omitted). A waiver of sovereign immunity must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980). Section 106(a) states "[N]otwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to . . . [S]ection 362 of [the Bankruptcy Code]." 11 U.S.C. § 106(a)(3) gives this court the authority to issue an order, process, or judgment for an order or judgment awarding a money recovery, which this adversary proceeding seeks. Section 106(a)(3) states "[S]uch order or judgment for . . . fees . . . shall be consistent with the provisions and limitations of [28 U.S.C. § 2412(d)(2)(A)]" ("[26 U.S.C. §]7430 has supplanted [28 U.S.C. § 2412(d)(2)(A)] for the award of attorney's fees and costs in proceedings to which § 7430 is applicable." IRS v. Brickell Inv. Corp. (In re Brickell Inv. Corp.), 922 F.2d 696, 700 (11th Cir. 1991) (citing 28 U.S.C. § 2412(e)) (superseded by statute on other grounds).

Section 106(a)(4) states that the enforcement of such order or judgment against any governmental unit "shall be consistent with appropriate nonbankruptcy law applicable to such

governmental unit . . . ." The "applicable nonbankruptcy law"
applicable to Defendant would be Title 26 of the United States
Code.

Courts throughout the country are not united on this issue.
This court however, is persuaded that under § 106, the United
States has waived sovereign immunity for this action. See
Hunsaker v. United States, 902 F.3d 963, 968 (9th Cir. 2018);
see also In re Lowthorp, 332 B.R. 656, 660 (Bankr. M.D. Fla.
2005) (finding that § 106 applied and "Congress has specifically
waived sovereign immunity" for an action for sanctions for
contempt) and Szanto v. IRS (In re Szanto), 574 B.R. 862 (Bankr.
D. Or. 2017).

Defendant's position that Hunsaker is not applicable is
unpersuasive. The Ninth Circuit stated "[11 U.S.C. § 106(a)]'s
text plainly waives sovereign immunity for court-ordered
monetary damages under the waiver's enumerated provisions,
although the damages may not be punitive." Hunsaker, 902 F.3d at
968. Additionally, "the statute's text unambiguously waives
sovereign immunity for nonpunitive monetary damages . . . ." Id.
Remedies available to individual debtor's under § 362(k)
includes attorney's fees. Section 106(a)(3) allows for a "money
recovery" except for "punitive damages." Notably, Hunsaker also
expressly rejected a claimed limitation that the immunity waiver

- 12-

only applies to sums of money unlawfully in the possession of governmental entities. Id. at 969. This court is persuaded that "money recovery" may be broad enough to encompass attorney's fees. See id. at 968 (the clause "including . . . a money recovery expressly broadens the waiver's scope to encompass monetary damages.").

On the other hand, Hunsaker does not go as far as the Langstons suggest. The plaintiff in Hunsaker did file an adversary proceeding without exhausting administrative remedies, but at trial the plaintiff only sought damages for emotional distress. Id. at 965. The court in Hunsaker did hold that the waiver of sovereign immunity in § 106(a) extends "unambiguously to such monetary claims." Id. at 968 (citing Daniel v. Nat'l Park Serv., 891 F.3d 762, 768 (9th Cir. 2018) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)). But the court did not have an attorney's fees claim before it so there was no analysis of 26 U.S.C. §§ 7430 and 7433. Nor did the Hunsaker court overrule or discuss earlier Ninth Circuit precedent, Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992).

The Florida Middle District Court held that "[26 U.S.C. § 7430(b)] constitutes a waiver of the government's sovereign immunity and as a result, strict compliance with its provisions is required." Klauer v. United States (In re Klauer), 23 Fla. L.

Weekly Fed. D. 153, at *8 (U.S. M.D. Fla. 2007) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) and Ardestani v. United States, 502 U.S. 129, 137 (1991)). See also In re Lowthorp, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005) (finding that § 106 applied and "Congress has specifically waived sovereign immunity" for an action for sanctions for contempt). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The taxpayer bears the burden of showing an unequivocal waiver of immunity. Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987).

The court is also persuaded that Defendant is deemed to have waived sovereign immunity pursuant to § 106(b). That section states that the governmental unit

> that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

Defendant filed a claim in this case. Claim #3. The claim is in the amount of $97,634.87, $43,988.57 of which is priority

as "taxes or penalties owed to governmental units" pursuant to § 507(a)(8). Id. The Langstons' claim is property of the bankruptcy estate and this adversary proceeding arose from the IRS garnishing payments owed Paul post-petition without stay relief.

The court thus finds that the IRS has waived sovereign immunity provided the Langstons complied with the requirements of law. The difficulty here is this is not now a case where "actual damages" are at issue. That issue has been tried and the Langstons did not prevail. Instead the issue is recovery of Langstons' litigation costs including attorney's fees for the IRS' admitted violation of the automatic stay.[7] The court must now determine whether exhausting administrative remedies is jurisdictional.

## II.   Is exhaustion of administrative remedies a jurisdictional pre-requisite in the 9th Circuit?

26 U.S.C. § 7430(b) prevents a court from issuing a judgment for reasonable litigation costs "unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the

---

[7] To be sure, one could logically argue that § 362(k) uses the term "including" before "costs and attorneys' fees" when describing "actual damages" relief afforded those injured by willful violations of the stay. As we see below, that probably makes no difference in the analysis given the specificity of the statutes conditioning attorney's fees recovery from the IRS for improper collection activity on exhausting administrative remedies.

Internal Revenue Service." 26 C.F.R. 301.7433-2(e)(1) outlines the process for administrative remedies, requiring, inter alia, that the administrative claim "be sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation." At least one federal court of appeals finds the burden imposed by the exhaustion requirement as *de minimis*: "[T]he burden imposed by 26 C.F.R. § 301.7430-1 is exacting and non-intuitive, but taxpayers must comply with the letter of the government's narrow waiver of sovereign immunity in order to get to Federal Court." <u>Kuhl v. United States</u>, 467 F.3d 145, 148 (2d Cir. 2006) (citation omitted).[8]

Many courts have painstakingly considered this issue and have arrived at various conclusions. In support of its argument, the IRS cites 10 cases. All of them are materially distinguishable from the facts of this case - most importantly, in this case Plaintiffs, after the adversary proceeding was filed, attempted to exhaust administrative remedies.[9]

Some courts have ruled that the plaintiff's failure to exhaust administrative remedies does not deprive the court of

---

[8] Similar sentiments have been expressed elsewhere: <u>Gray v. U.S.</u>, 723 F.3d 795 (7th Cir. 2013) <u>cert. den.</u>, 572 U.S. 1137 (2014); <u>Evans v. U.S.</u>, 433 F. Supp. 2d 17 (D.D.C. 2006).

[9] At the hearing on this motion on March 20, 2019, Defendant reported that Plaintiffs had in fact complied and at that moment in time, would be able to proceed in court to sue for attorneys' fees.

jurisdiction. The court in <u>In re Graham</u>, No. 99-26549-DHA, 2003 WL 21224773 (Bankr. E.D. Va. Apr. 11, 2003) found that it had jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334(b). This case, being one of the earliest decided cases the court found, held that "26 U.S.C. § 7433(e)(2)(A) states that the exclusive remedy for recovering damages for violations of the Bankruptcy Code is to petition the bankruptcy court" and within that section "[T]here is no mention . . . of the need to exhaust administrative remedies." <u>Id.</u> at *2. 26 U.S.C. § 7433(e) was "quite clear" that the "bankruptcy court is the *exclusive* remedy for the violation of Bankruptcy Code provisions." <u>Id.</u>[10]

The court in <u>In re Lowthorp</u> held that "[c]ongress has specifically waived sovereign immunity for this type of contempt sanctions. 11 U.S.C. § 106." <u>In re Lowthorp</u>, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005). That court found jurisdiction but held that it could not grant the relief because "[D]ebtors were required to first exhaust their administrative remedies . . . ." <u>Id.</u>

The Georgia Northern District Court found that failure to exhaust administrative remedies did not limit the court's

---

[10] Of course, 26 U.S.C. § 7433(e)(2)(B) specifically references the recovery of administrative and litigation costs can only be awarded under 26 U.S.C. § 7430.

- 17-

subject matter jurisdiction. <u>Music v. United States</u>, 17 F. Supp. 3d 1327, 1332 n.1 (N.D. Ga. 2014).

The court in <u>Pointer v. United States, Dep't of Treasury (In re Pointer)</u>, 510 B.R. 433, 435-36 (Bankr. M.D. Ga. 2014) cited two cases in the 6th and 11th Circuit which both held that the exhaustion of remedies under 26 U.S.C. § 7433 was not jurisdictional. <u>See</u> <u>Hoogerheide v. IRS</u>, 637 F.3d 634 (6th Cir. 2011); <u>Galvez v. IRS</u>, 448 F. App'x. 880 (11th Cir. 2011). In <u>Galvez</u>, the court held that the debtors' claim should be dismissed because they failed to state a claim on which relief could be granted because they failed to exhaust their administrative remedies. <u>Galvez</u>, 448 F. App'x. at 888. <u>Hoogerheide</u> similarly dismissed the action for "failure to exhaust," not jurisdictional grounds. <u>See generally</u> <u>Hoogerheide</u>, 637 F.3d at 636-39.

The Virgin Islands District Court held that after examining the "Supreme Court's instructions in [<u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 516 (2006)], [26 U.S.C. § 7433]'s statutory language, and the caselaw examining Section 7433 after <u>Arbaugh</u> was decided . . . the greater, and more persuasive, weight of authority supports the conclusion that failure to exhaust administrative remedies . . . does not raise a jurisdictional bar to relief." <u>Hassen v. Gov't of the V.I.</u>, No. 15-38, 2017

U.S. Dist. LEXIS 47758, at *16 119 A.F.T.R.2d (RIA) 1344 (D.V.I. Mar. 30, 2017). <u>Arbaugh</u> held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." <u>Arbaugh</u>, 546 U.S. at 516. "It is grounds for dismissal on a Rule 12(b)(6) motion, provided that the defendant has met the burden of pleading . . . that the plaintiff has failed to exhaust administrative remedies." <u>Hassen</u>, 2017 U.S. Dist. LEXIS 74458, at *18 (citing <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007)).[11]

The court in <u>In re Cooper</u>, No. 10-11701C-13G, 2011 Bankr. LEXIS 160, at *5, 107 A.F.T.R.2d (RIA) 580 (Bankr. M.D.N.C. Jan. 19, 2011) found that it was undisputed that the Debtor did not exhaust the available administrative remedies and therefore could not "[seek] to recover damages from the IRS in the bankruptcy court for a violation of the automatic stay. . . .". <u>Id.</u> The court did not specifically rule on jurisdiction but did dismiss the sanctions motion at issue there without prejudice for the debtor's failure to exhaust administrative remedies.

---

[11] The statutes here 26 U.S.C. §§ 7430(b) and 7433 state no judgment shall be awarded unless the prevailing party has exhausted administrative remedies. This specificity suggests Congress did "rank a statutory limitation on coverage as jurisdictional." <u>Arbaugh</u>, 546 U.S. at 515. As we have seen, the lower courts are not uniformly convinced.

Perhaps the court's dicta in In re Consolidated Health Services, Inc., No. 08-00103-8-SWH, 2013 WL 4409695, at *4 (Bankr. E.D.N.C.) is most enlightening:

> The court's holding notwithstanding, is it true that § 743 3(e) [sic] could be clearer in highlighting the "prior exhaustion of administrative remedies" requirement? Absolutely. Would it be appropriate for the IRS itself to highlight this requirement, and provide sufficient information for taxpayers to take note of, and then comply with, the IRS's own regulatory procedure? Absolutely. Did the trustee take reasonable steps in responding, repeatedly, to the IRS notices at the addresses specified in the notices by the IRS itself? Again, absolutely. And is it frustrating for the trustee, for the next hapless taxpayer, and for this court to see the IRS seemingly get a "pass" for its blatant disregard of the automatic stay, now that this matter finally has attracted the IRS's attention, by virtue of its ability to now point to 26 C.F.R. 301.7433-2(e)(1) as if all concerned should have simply availed themselves of that "opportunity" all along? Absolutely.

Is the "Appeals Office" serving this district the same thing as the "Local Insolvency Unit" for this district? The court does not know.[2] Nor does the IRS appear to think that recipients of the notice need to know, because according to the IRS, it is the "coordinator" who transfers that information, *not a taxpayer seeking to pursue "administrative remedies."* Suffice to say, the court understands the trustee's frustration with the current situation, and is itself frustrated with the fact that this situation is bound to repeat itself so long as the IRS continues to play this decidedly one-sided game of "hide the exhaust administrative remedies ball" with taxpayers and debtors.

Some courts have found that administrative remedy exhaustion is a jurisdictional prerequisite. See Jacoway v. Dep't of Treasury (In re Graycarr, Inc.), 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005) (failure to exhaust administrative remedies jurisdictional prerequisite); Kuhl v. United States, 467 F.3d 145, 147 (2d Cir. 2006) (failure to exhaust administrative remedies deprives the court of jurisdiction (citing Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994)); McIver v. United States, 650 F. Supp. 2d 587, 593 (N.D.

Tex. 2009) (failure to exhaust administrative remedies grounds for dismissal without prejudice for lack of subject matter jurisdiction); In re Rae v. United States, 436 B.R. 266, 275 (Bankr. D. Conn. 2010) ("[M]any bankruptcy courts have consistently recognized that waivers of immunity in §§ 7430 and 7433 will deprive them of jurisdiction if the plaintiff did not comport with the requirements set forth in the statutes" (citing Kovacs v. United States, 391 B.R. 820, 824 (E.D. Wis. 2008)); Swensen v. United States (In re Swensen), 438 B.R. 195, 198 (Bankr. N.D. Iowa 2010) (failure to 'pursue' the administrative remedy is grounds for dismissal for lack of subject matter jurisdiction); Kight v. Dep't of Treasury/IRS (In re Kight), 460 B.R. 555, 566 (Bankr. M.D. Fla. 2011) (filing an administrative claim with the IRS prior to filing the adversary proceeding is a jurisdictional prerequisite); Barcelos v. United States (In re Barcelos), 576 B.R. 854 (Bankr. E.D. Cal. 2017) (sovereign immunity was not waived because debtor did not exhaust the administrative remedies).

The Ninth Circuit in Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1992), without much analysis, held that "[C]onforte may not bring this action against the United States under 26 U.S.C. § 7433 without exhausting her administrative remedies" and therefore the court lacked jurisdiction. This is

apparently still the law in the Ninth Circuit. <u>See</u> <u>Manant v.</u>
<u>United States</u>, No. 10-00566 JMS/KSC, 2011 Dist. LEXIS 70365, 108
A.F.T.R.2d (RIA) 5066, at *10 (D. Haw. June 30, 2011) ("[I]t
thus appears that Ninth Circuit precedent (<u>Conforte</u>) is no
longer valid to the extent it requires exhaustion to be pled and
deems a failure to exhaust under § 7433(d) to be a
jurisdictional defect"), <u>vacated and remanded</u>, <u>Manant v. United</u>
<u>States</u>, 498 F. App'x. 752 (9th Cir. 2012) (citing <u>Conforte</u>,
"[D]ismissal of the Manants' action without prejudice was proper
because the district court lacked jurisdiction in light of the
Manants' failure to pursue an administrative claim before filing
their action."). <u>See also</u>, <u>Barcelos</u>, 576 BR at 857.

　　　Despite the apparent confusion among courts in the various
circuits, this court is bound by the precedent set by higher
courts in this Circuit. The Ninth Circuit has held that
administrative remedy exhaustion is a jurisdictional
prerequisite.

**III. Did Plaintiffs exhaust the administrative remedies?**

　　　The court must now determine if Plaintiffs exhausted the
necessary administrative remedy.

　　　Exhausting the applicable administrative remedy requires
the tax-payer to send certain documents to the "Chief, Local

Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation," inter alia. 26 C.F.R. 301.7433-2. The IRS' admission (doc. #104, exh. C, p.6, ¶¶1-3) and Attorney Peter Sauer's declaration (doc. #103), state such a person does not exist. But, that person's existence is immaterial to compliance contends the IRS. They say simply addressing the administrative claim to the "Chief, Local Insolvency Unit" is compliance enough. Doc. #112.

At the hearing on March 20, 2019, Defendant stated that the IRS went through an internal reorganization that eliminated numerous titles and positions, one of which was "Chief, Local Insolvency Unit." Despite that however, Defendant stated that the claims still get processed, primarily by insolvency personnel assigned to the case. Defendant also confirmed that as of March 20, 2019, Plaintiffs have complied with the administrative remedy and have the right to seek attorney's fees in the bankruptcy court. Defendant further explained that the exhaustion of administrative remedies is a "gatekeeping function" of the IRS that helps to avoid excessive litigation.

In none of the cases previously discussed have the courts examined this issue raised by Plaintiffs – that complying with the statute is impossible. The courts either found that the

taxpayer made no attempt (see <u>Swensen v. United States (In re</u>
<u>Swensen)</u>, 438 B.R. 195, 198 (Bankr. N.D. Iowa 2010); <u>In re Rae</u>
<u>v. United States</u>, 436 B.R. 266, 275 (Bankr. D. Conn. 2010);
<u>Kight v. Dep't of Treasury/IRS (In re Kight)</u>, 460 B.R. 555, 566
(Bankr. M.D. Fla. 2011)), or found that the taxpayer's attempt
was deficient for a number of reasons (see <u>Klauer v. United</u>
<u>States (In re Klauer)</u>, 23 Fla. L. Weekly Fed. D 153, at *11-14
(M.D. Fla. 2007); <u>Don Johnson Motors, Inc. v. United States</u>, 532
F. Supp. 2d 844, 883 (S.D. Tex. 2007); <u>McIver v. United States</u>,
650 F. Supp. 2d 587, 593 (N.D. Tex. 2009); <u>Barcelos v. United</u>
<u>States (In re Barcelos)</u>, 576 B.R. 854, 857-58 (Bankr. E.D. Cal.
2017); <u>Galvez v. IRS</u>, 448 F. App'x 880, 886 (11th Cir. 2011);
<u>Kuhl v. United States</u>, 467 F.3d 145, 148 (2d Cir. 2006); <u>In re</u>
<u>Lowthorp</u>, 332 B.R. 656, 659-61 (Bankr. M.D. Fla. 2005)), but no
court addressed whether compliance was possible because the tax-
payer was required to send the documents to a person that did
not exist, nor was that argument ever raised.

        Because of the Ninth Circuit's ruling in <u>Conforte</u>, and
under Civil Rule 12(b)(1), (b)(6), and (c), this court must
dismiss the action. Administrative remedy exhaustion is a
jurisdictional prerequisite. The IRS has shown that neither the
Langstons' adversary complaint nor the amended complaint alleged
that they exhausted their administrative remedies before suing

for attorneys' fees. <u>See</u> doc. #1, 17. So the Langstons did not

comply with 26 U.S.C. §§ 7430 and 7433. The court does note

however the great lengths Plaintiffs went to comply after the

fact.[12] Plaintiffs mailed an administrative claim addressed to

"Chief, Local Insolvency Unit" to nine separate IRS offices on

or around September 25, 2017. Doc. #104, exh. A. All offices

listed appear to be within the boundaries of the Eastern

District of California. The Langstons even propounded

interrogatories to the IRS to learn how IRS notified the public

of the identity of the Chief, Local Insolvency Unit. The IRS

responded: "IRS Publication 4325 has a listing of all local

Collection Advisory Groups," though no explanation was provided

if "Collection Advisory Group" is identical to "Local Insolvency

Unit." <u>See</u> doc. #103, 104, exh. C, p. 6, ¶¶ 4-14. The court must

wonder what issues might be raised if Plaintiffs did timely file

the administrative claim to "Chief, Collection Advisory Group."

    The Langstons also contend that compliance with the

requirements of 26 U.S.C. §§ 7430 and 7433 and accompanying

regulations would be futile and therefore unnecessary. <u>See</u>

<u>Taniguchi v. Schultz</u>, 303 F.3d 950, 957 (9th Cir. 2002). First,

---

[12] At the hearing on March 20, 2019, Plaintiffs' counsel reiterated, he was told to send the Langston's notice to a "Collection Group" for tax liens in Oakland, CA, which is not in the Eastern District of California. The court notes that the regulation requires that the administrative remedy be sent to the Insolvency Office in the "judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation," which is the Eastern District of California.

the facts of this case do not support the argument. The IRS, through counsel, has conceded that the Langstons have exhausted their administrative remedies and they can proceed with another lawsuit to seek their attorney's fees. So, compliance with the administrative remedy here was neither impossible nor futile.[13]

Second, neither <u>Singh</u> nor <u>Taniguchi</u> help the Langstons here. Those cases did not deal with a pre-requisite to damage recovery or an apparent failure of the relevant law or regulations to have a designated person to whom an administrative claim could be sent. In <u>Singh</u>, the plaintiff did not receive the necessary transcript to challenge an immigration judge's credibility determination in an asylum proceeding. <u>Singh v. Ashcroft</u>, 362 F.3d 1164, 1169-70 (9th Cir. 2004). It was thus futile to require the timely exhaustion requirement. In <u>Taniguchi</u> it was futile to require exhaustion because the basis for the plaintiff's equal protection claim - arbitrary waiver of deportation by the Attorney General - was not supported since plaintiff's status as a legal permanent resident did not legally permit the Attorney General to waive a deportation requirement. <u>Taniguchi v. Schultz</u>, 303 F.3d 950, 957-58 (9th Cir. 2002).

---

[13] The court will leave for another day the question of who is responsible for the length of this litigation given the regulatory quagmire the Langston's have endured.

Plaintiffs here filed the adversary proceeding to stop Defendant from garnishing the annuity payments. Plaintiffs could have simultaneously filed the administrative claim and then filed another adversary proceeding for attorney's fees, if need be. In fact, in this case, the IRS stopped garnishing wages and returned the funds shortly after learning of the pending adversary proceeding. This demonstrates the effectiveness of the Langstons' approach. This scenario is substantially different from those at issue in Taniguchi or Singh.

Plaintiffs' defense that the administrative remedy is not available falls short. Strict compliance, as argued by the IRS in reply, requires that the administrative claim "be sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation." 26 C.F.R. 301.7433-2. Plaintiff actually did send such a notice but after the lawsuit was filed. The IRS now admits Plaintiffs have complied and could proceed with another action for attorney's fees.

### CONCLUSION

Therefore, pursuant to Civil Rules 12(b)(1), (b)(6) and (c), this motion is GRANTED without prejudice. Since there is no other issue to be tried in this adversary proceeding, the court

will issue separate orders dismissing the attorney's fees claim, denying the Langtons' motion for summary judgment without prejudice as moot, and enter a judgment accordingly.

**Dated:** Mar 27, 2019                    **By the Court**

René Lastreto II, Judge
United States Bankruptcy Court

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

    The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___ X ___, via the U.S. mail.


Paul Dayton Langston
8622 N. Sierra Vista Ave
Fresno, CA 93720

Kathleen Louise Langston
8622 N. Sierra Vista Ave
Fresno, CA 93720

Gabriel J. Waddell
7650 North Palm Avenue, Suite 101
Fresno, CA 93711

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

United States Department of Justice
Civil Trial Section Western Region
Box 683 Ben Franklin Station
Washington, DC 20044

United States Attorney
(For Internal Revenue Service)
2500 Tulare St Ste 4401
Fresno, CA 93721

Jonathan Hauck
P.O. Box 683
Washington, D.C. 20044